UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) 2:19-CV-00093-JRG |
| vs. | ) |
| COLUMBIA 12 GAUGE SINGLE-SHOT SHOTGUN, et al. | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

The United States of America has filed a Motion for Default Judgment and Final Order of Forfeiture [Doc. 17]. This motion was referred to the undersigned for a report and recommendation by the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) [Doc. 18]. This matter is now ripe for resolution.

**I.   Procedural Background**

Plaintiff filed a Complaint for Forfeiture *In Rem* [Doc. 1] with attached affidavit in support against Defendant properties on June 3, 2019. On the same day, Plaintiff filed a Motion to Stay Civil Forfeiture Proceedings pending the final conclusion of a related criminal case (*United States v. Lawrence Powell Earhart, II, et al.*, 2:18-CR-17) [Doc. 2], which was granted on June 4, 2019 [Doc. 6]. An arrest warrant for Defendant properties was issued on July 11, 2019 as required by Fed. R. Civ. P. Supplemental Rule G(3)(b)(i). On October 28, 2019, Plaintiff filed a Motion to Lift Stay of Civil Forfeiture Proceeding [Doc. 7], which was granted on July 24, 2020 [Doc. 9]. Plaintiff then filed a Notice of Complaint for Forfeiture [Doc. 10] on August 10, 2020. On October 13, 2020,

Plaintiff filed notice of Service by Publication pursuant to Fed. R. Civ. P. Supplemental Rule G(4)(a)(iv)(C) stating that it posted a Notice of Civil Forfeiture on an official government site from August 11, 2020 until September 9, 2020, as required [Doc. 14]. Plaintiff also filed Service of Process for known potential claimants Lynda D. Earhart Trust, Lawrence Powell Earhart, and the Estate of Lynda D. Earhart as required by Fed. R. Civ. P. Supplemental Rule G(4)(b) [Docs. 11-13].

None of the known potential claimants have filed a claim or answer nor have they entered an appearance in this action. On October 13, 2020, Plaintiff filed an Application for Clerk's Default as to all known potential claimants [Doc. 15]. The Clerk entered a default against the Lynda D. Earhart Trust, Lawrence Powell Earhart, and the Estate of Lynda D. Earhart on November 4, 2020 [Doc. 16]. On November 27, 2020, Plaintiff filed the pending Motion for Default Judgment [Doc. 17] pursuant to Fed. R. Civ. P. 55(b)(2) requesting an entry of judgment by default and order of final forfeiture against Defendant properties.

**II.     Analysis**

The clerk must enter a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise…." Fed. R. Civ. P. 55(a). After the clerk's entry of default, the court may then enter a default judgment. Fed. R. Civ. P. 55(b)(2). The court may conduct a hearing to (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2). Additionally, if the party against whom default is sought has previously appeared before the court, that party "must be served with written notice of the application at least 7 days before the hearing." Fed. R. Civ. P. 55(b)(2).

Plaintiff seeks a default judgment by the Court under Rule 55(b)(2). 18 U.S.C § 924(d)(1) states as follows:

> Any firearm or ammunition involved in or used in any knowing violation of subsection (a)(4), (a)(6), (f), (g), (h), (i), (j), or (k) of section 922, or knowing importation or bringing into the United States or any possession thereof any firearm or ammunition in violation of section 922(l), or knowing violation of section 924, or willful violation of any other provision of this chapter or any rule or regulation promulgated thereunder, or any violation of any other criminal law of the United States, or any firearm or ammunition intended to be used in any offense referred to in paragraph (3) of this subsection, where such intent is demonstrated by clear and convincing evidence, shall be subject to seizure and forfeiture…

Upon review of Plaintiff's complaint, supporting affidavit, and the pending motion, the Court does not find it necessary to hold an evidentiary hearing or receive oral argument before ruling on Plaintiff's motion as the necessary information is already before the Court via the filings made. Also, as Defendant has not appeared before this Court, the notice requirement does not apply.

In its complaint and motion for default judgment, Plaintiff has established by clear and convincing evidence that the property at issue was in the possession of an unlawful user(s) of a controlled substance in violation of 18 U.S.C. § 922(g)(3) thus subjecting that property to forfeiture to the United States pursuant to 18 U.S.C § 924(d)(1).[1] Proper notice was personally served on known potential claimants to the Defendant properties and was published for thirty (30)

---

[1] 18 U.S.C. § 924(d)(1) requires "[a]ny action or proceeding for the forfeiture of firearms or ammunition [to] be commenced within one hundred and twenty days of such seizure." Although the Complaint was not filed within one hundred and twenty days of seizure nor does the Complaint state that administrative forfeiture proceedings were commenced during that time period, "[a]s no interested party here has asserted a statute of limitations defense, any violation of the limitation under § 924(d)(1) is effectively waived." *United States v. 8 Firearms*, No. 3:16-CV-1429-J-39 JRK, 2017 WL 11072149, at *3 n.3 (M.D. Fla. June 29, 2017); *see also* Fed. R. Civ. P. 8(c) (listing statute of limitations as an affirmative defense that must be raised in the first responsive pleading to avoid waiver); *Edwards v. Armstrong*, 59 F.3d 170 (6th Cir. 1995) (stating failure to raise a statute of limitations defense waives the issue). Additionally, the Court notes that Lawrence Powell Earhart specifically waived his right to contest the forfeiture in his plea agreement, although that waiver alone would not bind the other potentially interested parties.

consecutive days on an official government internet cite as required by Fed. R. Civ. P. Supplemental Rule G(4). Therefore, a default judgment and order of forfeiture is appropriate in this case.

### III. Conclusion

For the reasons stated above, the Court **RECOMMENDS** that Plaintiff's motion for default judgment be **GRANTED** and that the property more particularly described as follows be forfeited to the United States of America with all right, title and interest in and to said property being vested in the United States of America, pursuant to 18 U.S.C § 924(d)(1)[2]:

(a) Columbia 12 gauge single-shot shotgun, no serial number;

(b) Unknown make or model .22 caliber single-shot rifle, no serial number;

(c) Savage model crack-shot 26 .22 caliber rifle, no serial number;

(d) Parkhurst 12 gauge double-barrel shotgun, no serial number;

(e) Montgomery Ward 12 gauge single-shot shotgun, serial number 846118; and

(f) Fifteen (15) rounds 12 gauge (14 Federal, one Remington) ammunition.[3]

Respectfully Submitted,

/s Cynthia Richardson Wyrick
United States Magistrate Judge

---

[2] Defendant properties were in the possession of an unlawful user of a controlled substance in violation of 18 U.S.C § 922(g)(3) which prohibits any person who is an unlawful user of or addicted to a controlled substance from possessing any firearm or ammunition shipped or transported in interstate commerce; thus, the property at issue is subject to forfeiture pursuant to 18 U.S.C § 924(d)(1).

[3] Any objections to this report and recommendation must be filed within fourteen (l4) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1).